Richard KNUTSON, Selective Service No. 21–36–45–68, Plaintiff,

v.

SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 36, HENNEPIN COUNTY, Defendant.

No. 4–69–Civ. 89.

United States District Court
D. Minnesota,
Fourth Division.
April 1, 1969.

John Remington Graham, Minneapolis, Minn., for plaintiff.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

## ORDER AND MEMORANDUM

LARSON, District Judge.

This is an action to delay the induction of the plaintiff Richard Knutson, a second year graduate student in psychology at the University of Minnesota. Prior to enrolling in graduate school plaintiff was an undergraduate at Minnesota. As an undergraduate plaintiff received a II-S deferment under the predecessor to § 6(h) (1) of the Military Selective Service Act of 1967. Plaintiff has never received a deferment under § 6(h) (1) since he completed the requirements for his baccalaureate degree prior to June 30, 1967, and has not applied for an undergraduate deferment after June 30, 1967.

During the academic year 1967–1968 plaintiff was classified II-S under the provisions of 32 C.F.R. § 1622.26(b) and § 6(h) (2) of the 1967 Act. On June 12, 1968, plaintiff was classified I-A. On July 15, 1968, a notice of appeal was filed. On October 7, 1968, he was classified I-A by the Appeal Board. On February 14, 1969, plaintiff was sent an order to report for induction. On February 25, 1969, plaintiff wrote the Local Board requesting a I-S classification, which was denied on February 26, 1969.

In this action the plaintiff challenges the refusal of the Local Board to grant him the I-S deferment. Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331, 1343, 1361, and 2201–2202.

The Court is not convinced that the $10,000.00 jurisdictional amount requirement of §§ 1331 and 2201–2202 has been met. The Court also doubts that § 1343 is applicable in this case. The Court does have jurisdiction under § 1361 which gives original jurisdiction over actions in the nature of mandamus directed against an agency of the United States. Carey v. Local Board No. 2, 297 F.Supp. 252 (D.Conn. Feb. 13, 1969).

In addition to proving that this action is in the nature of a mandamus, plaintiff must also fit into the exception to § 10(b) (3) of the Military Selective Service Act of 1967, created by the case of Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Under *Oestereich* preinduction review is not barred in those cases where the registrant can show a clear statutory grant of a deferment, and that the Board's action in denying the deferment contravened the express statutory command.

Therefore, the crucial question in this case is whether the Local Board has

discretionary authority to deny plaintiff's application for a I-S. Resolution of the question involves the application of two sections of the Military Selective Service Act of 1967—§§ 6(h) (1) and 6(i) (2). Section 6(h) (1) provides for undergraduate student deferments and states:

"No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under * * * subsection (i) of this section if he has been awarded a baccalaureate degree * *."

Plaintiff never applied for and never received a deferment under § 6(h) (1), although he received a II-S deferment under the predessor of § 6(h) (1) (effective July 1, 1967). For this reason plaintiff is not precluded from receiving a I-S deferment under subsection (i) by the provision of § 6(h) (1) quoted above.

Section 6(i) (2) provides for an absolute right to a I-S deferment for students called for induction during the academic year. The section contains three specific exceptions to this right: those who have had a II-S or I-S deferment under the 1948 Act (superseded in 1951) and those who have previously been deferred under § 6(i).

It is clear that the plaintiff falls within none of these exceptions.

The defendant raises two arguments against the literal application of the statutory language. First, it argues that the graduate II-S deferment which the plaintiff was granted for the academic year 1967–1968, under 32 C.F.R. § 1622.-26(b), was granted under the authority of § 6(i) (2). The applicable language reads:

"Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment * * * of any category * * * of students * *."

This language is not a grant of authority to defer under § 6(i) (2) but rather a statement of Congress' intention not to limit the power granted in § 6(h) (2). Therefore, a II-S deferment granted to graduate students is not issued under authority of the provisions of § 6(i) (2).

Second, the defendant argues that the plaintiff, who received his graduate II-S deferment under § 6(h) (2), is excluded from receiving a I-S by the provision of § 6(i) (2), which states:

"[A]ny person who has heretofore been deferred as a student under section 6(h) of such Act * * * [the Selective Service Act of 1948] * * * shall not be further deferred * * *."

However, the § 6(h) referred to is § 6(h) of the Selective Service Act of 1948, which was superseded in 1951. Since plaintiff received no deferment under this Act, the exclusion is not applicable.

For these reasons the arguments of the Government fail and plaintiff must be granted a I-S deferment under the mandatory terms of § 6(i) (2).

It is therefore ordered:

That the defendant Selective Service Board No. 36, Hennepin County, classify the plaintiff Richard Knutson I-S as of March 28, 1969.